**STATE of Iowa, Appellant,**

v.

**Allan L. VAN BEEK, Glenn Van Beek, and Matthew V. Kosters, Appellees.**

No. 88–742.

Supreme Court of Iowa.

July 19, 1989.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., and Mark J. Schouten, County Atty., for appellant.

Stanley E. Munger of Kindig, Beebe, Rawlings, Nieland, Probasco & Killinger, Sioux City, for appellee Allan L. Van Beek.

Myron D. Toering, Sioux Center, for appellee Mathew V. Kosters.

Randall A. Roos, Sioux Center, for appellee Glenn Van Beek.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, LAVORATO, and SNELL, JJ.

SCHULTZ, Justice.

The State seeks further review from a dismissal of criminal charges for failure to meet the speedy indictment requirements set forth in Iowa Rule of Criminal Procedure 27(2)(a). Because we do not find the rule to be applicable under the present circumstances, we reverse.

This controversy stems from an incident that took place in a Rock Valley tavern on January 13, 1988. An officer of the local police department observed defendants Allan L. Van Beek, Glenn Van Beek, and Matthew V. Kosters engaged in an activity believed to be consistent with cocaine use inside the tavern. The officer summoned backup assistance and, after it arrived, placed defendants under arrest. The officer testified that when he entered the bar, he intended to arrest defendants for possession and use of cocaine. He informed the defendants that they were under arrest for that crime and read them their *Miranda* rights.

The search pursuant to arrest revealed three items of evidence the officers believed contained cocaine residue. These items were seized, including a tightly-rolled twenty-dollar bill, the barrel of a Bic pen, and a razor blade. One of the officers then telephoned the county attorney who instructed him to release the defendants and ship the evidence to the State Criminalistics Laboratory for testing. All three defendants were then unconditionally released about an hour after being arrested, no charges being filed against them.

The evidence was sent to the laboratory the following day and returned with the test results on February 26, 1988. Because the items tested positive for cocaine residue, a complaint and affidavit alleging possession of a Schedule II Controlled Substance were prepared by the arresting officer on February 29 and filed on March 16, 1988.

Based on that charge, citations were issued, defendants arrested, and their initial appearance was made on March 10, 1988. The county attorney's trial information was filed on March 21, 1988. Thereafter, defendants each made motions to dismiss on grounds of pre-indictment delay in violation of Iowa Rule of Criminal Procedure 27(2)(a). The State resisted and a hearing was held. The trial court granted the motions to dismiss, holding that the January 13th arrest started the 45–day limitation period in which the trial information must be filed pursuant to Rule 27(2)(a). On appeal, the court of appeals affirmed the trial court's ruling. We then granted further review.

The sole issue before us on appeal is whether the trial court erred in granting defendants' motions to dismiss pursuant to Rule 27(2)(a). The facts are undisputed. This issue requires an interpretation of the rule. Consequently, our review is at law. *Albion Elevator Co. v. Chicago & N. W. Transp. Co.*, 254 N.W.2d 6, 11 (Iowa), *cert. denied, Chicago & N.W. Transp. Co. v. Brandt Elevator, Inc.*, 434 U.S. 904, 98 S.Ct. 301, 54 L.Ed.2d 190 (1977).

Defendants maintain that their initial arrests on January 13 started the 45–day indictment period provided by Rule 27(2)(a). Because the trial information was not filed until March 21, they urge that more than 45 days had passed and the trial court correctly dismissed their charges.

■ The State asserts that the brief confinement did not constitute an arrest under the rule when no charges were filed and defendants were unconditionally released within the hour. In the alternative, the State urges that if the January 13 incident does constitute an arrest under Rule 27(2)(a), defendants' unconditional release should toll the 45–day indictment period until citations were issued between February 29 and March 10, 1988.

Iowa Rule of Criminal Procedure 27(2)(a) provides in pertinent part:

When an adult is arrested for the commission of a public offense, ... and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown....

We have previously interpreted "arrest" as used in this rule to be defined the same as in section 804.5 of the Iowa Code (1987). *State v. Schmitt*, 290 N.W.2d 24, 26 (Iowa 1980). Section 804.5 provides, "Arrest is the taking of a person into custody when and in the manner authorized by law, including restraint of the person or his or her submission to custody." By taking defendants into police custody, they were arrested for purposes of this rule.

■ Our statutes and rules provide no direct authority for the county attorney to order the subsequent release of the arrested prisoners. However, we conclude that this is an inherent prosecutorial right. Other jurisdictions have indicated that the subsequent release of defendants without filing charges was within the officials' authority. *United States v. Amuny*, 767 F.2d 1113, 1120 (5th Cir.1985) (officials may "in good faith immediately and unconditionally release the defendant and prefer no federal criminal charges against him."); *People v. Corsini*, 161 Cal.App.3d 514, 517, 207 Cal.Rptr. 686, 688 (1984); *Therriault v. Breton*, 114 Me. 137, 142, 95 A. 699, 701 (1915); *see generally* Uniform R.Crim.P. 244, 10 U.L.A. 58 (1974).

If the prosecutor or police determine that no charges should be filed, there is no obligation to take the defendants before a magistrate in accordance with Iowa Rule of Criminal Procedure 2. *See* 6A C.J.S. *Arrest* § 61, at 138 (1975); 5 Am.Jur. *Arrest* § 77, at 763 (1962). Otherwise, police would be required to hold an arrested party until the formal charge was filed with the magistrate as provided in Iowa Rule Criminal Procedure 2.[1] In this case, if no magistrate was reasonably available until 9 a.m., these defendants would have been held an additional five and one-half hours before being released.

■ We hasten to add that this does not authorize law enforcement personnel to hold parties under arrest for sustained periods of time and then release them minutes before the scheduled preliminary hearing. Additionally, any such voluntary release by the authorities does not preclude a defendant's civil action for false imprisonment.

■ Such a voluntary release, prior to a preliminary hearing, is analogous to a dismissal in the furtherance of justice pursuant to Iowa Rule of Criminal Procedure 27(1). We have consistently held that such a dismissal stops the speedy trial clock. *State v. Florie*, 411 N.W.2d 689, 693–94 (Iowa 1987); *State v. Fisher*, 351 N.W.2d 798, 801–02 (Iowa 1984). A refiling of charges starts the clock anew. *Fisher*, 351 N.W.2d at 802.

In this case, defendants' unconditional release within the hour placed them back in the same position as before being arrested for purposes of Rule 27(2)(a). None of the evils the rule is designed to protect against were present after defendants were released. We have previously stated:

> The purpose of these protections, ... is to relieve one accused of a crime of the hardship of indefinite incarceration awaiting trial or the anxiety of suspended prosecution, if at liberty on bail, and to require courts and peace officers to proceed with the trial of criminal charges with such reasonable promptness as proper administration of justice demands.

*State v. Allnutt*, 261 Iowa 897, 901, 156 N.W.2d 266, 268 (1968).

In interpreting Rule 27(2)(a), the manifest intent of the legislature prevails over the literal import of the words used. *Beier Glass Co. v. Brundige*, 329 N.W.2d 280, 283 (Iowa 1983). In ascertaining that intent, we consider the objects sought to be accomplished along with the evils sought to

---

1. This rule provides, "An officer making an arrest with or without a warrant shall take the arrested person without unnecessary delay before a committing magistrate as provided by law." "Unnecessary delay" is defined as "any unexcused delay longer than twenty-four hours, and consists of a shorter period whenever a magistrate is accessible and available."

be remedied. *Id.* We will seek a reasonable interpretation which will best effect the purpose of the statute and avoid absurd results. *Id.*

With these principles in mind, we believe that although defendants were initially "arrested" under Rule 27(2)(a), the rule is not applicable under this situation. Following their unconditional release, defendants were under no more hardship than any other citizen. They were not subject to incarceration, anxiety while awaiting trial, or the social stigma that may accompany one criminally accused. The only on-going aspect of this incident was the analysis of the evidence seized. This placed defendants in the same situation as any citizen similarly under investigation but not charged with a crime. Unless or until formal criminal charges were filed against them, neither the defendants, nor the public in general, could have a legitimate interest in the prompt processing of a non-existent case. *United States v. Hillegas,* 578 F.2d 453, 458 (2d Cir.1978).

To construe the rule's time limitations to be applicable is unjustified in this situation. The purposes and intents of the rule were not threatened. Therefore, we hold that Rule 27(2)(a) has no application in the case of defendants who, although briefly detained, are unconditionally released without charges being filed. The trial court erred when it found to the contrary.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.

All Justices concur except McGIVERIN, C.J., who dissents.