**STATE of Iowa, Appellant,**

v.

**Robert F. DAVIS, Appellee.**

**No. 93–1595.**

Supreme Court of Iowa.

Dec. 21, 1994.

Bonnie J. Campbell, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Anthony Janney, Asst. County Atty., for appellant.

Carter Stevens of Beecher, Rathert, Roberts, Field, Walker & Morris, P.C., Waterloo, for appellee.

McGIVERIN, Chief Justice.

The real question here is whether after an arrest of the defendant for operating while intoxicated a police officer can "unarrest" the defendant and release him, and thus stop the ticking of the forty-five day clock requiring speedy indictment of defendant under Iowa rule of criminal procedure 27(2)(a).

The district court believed the forty-five day clock cannot be so stopped and dismissed the case. We agree and therefore affirm its ruling.

I. *Background facts and proceedings.* On April 9, 1993 defendant Robert F. Davis was arrested on a public street by a deputy sheriff for operating a motor vehicle while intoxicated (OWI), first offense, a serious misdemeanor, in violation of Iowa Code section 321J.2 (1993). He was given a *Miranda* warning, handcuffed, searched, placed in a patrol car, and taken to the county jail. Upon arrival, the officer read the implied consent advisory to the defendant and a chemical test was requested. When defendant agreed to a blood test, defendant was transferred to a hospital and a blood specimen was withdrawn from him.

Upon return to the jail, the officer completed a written citation and complaint for OWI against defendant. Upon request, defendant signed these forms and was given copies of them. Defendant was turned over to the jailer and was "booked."

The arresting deputy later consulted with a superior officer who decided that defendant should be released without more paper work being filed, pending the results of the blood test.

The officers then retrieved the copies of the completed OWI citation and complaint form from defendant, and released him without posting bond. Defendant was then told he would be contacted after the blood test results came back. Defendant had been in custody and detained for approximately two hours during these police procedures.

The local newspaper reported that defendant had been arrested on a complaint for OWI, first offense.

The blood test result was dated April 13.

The retrieved citation and complaint charging defendant with OWI were finally filed with the clerk of district court on May 6. The trial information was not filed until June 15.

Defendant moved under Iowa rule of criminal procedure 27(2)(a) to have the trial information dismissed because it was not filed within forty-five days after his arrest on April 9. The district court sustained defendant's motion and dismissed the case.

The State appealed.

In interpreting rule 27(2)(a), we review for errors at law. *See* Iowa R.App.P. 4.

II. *Rule 27(2)(a) and defendant's arrest.*
We first look at the public policy behind and
the purpose of rule 27(2), which states:

2. *Speedy trial.* It is the public policy of
the state of Iowa that criminal prosecu-
tions be concluded at the earliest possible
time consistent with a fair trial to both
parties. Applications for dismissals under
this subsection may be made by the prose-
cuting attorney or the defendant or by the
court on its own motion.

Next, subsection 2(a) of rule 27 states as
applicable:

a. *When* an *adult* is *arrested* for the com-
mission of a public offense ... *and an
indictment* is *not found* against him *within
forty-five days, the court must order the
prosecution to be dismissed,* unless good
cause to the contrary is shown or the
defendant waives his right thereto.

(Emphasis added.)

The term "indictment" embraces a trial
information for the purposes of this case.
*See* Iowa R.Crim.P. 5(5).

The State does not contend here that good
cause has been shown for the alleged late
filing of the trial information or that defen-
dant waived his right to have it timely filed.

The district court found, and the State
concedes, that defendant had been "arrested"
on April 9 for the purposes of rule 27. Iowa
Code section 804.5 defines arrest as "the
taking of a person into custody when and in
the manner authorized by law, including re-
straint of the person or the person's submis-
sion to custody." *See State v. Schmitt,* 290
N.W.2d 24, 26 (Iowa 1980) (Rule 27 and Iowa
Code sections 804.5 and 804.14, concerning
arrest and the manner of making an arrest,
were enacted together and must be con-
strued together). Defendant's situation on
April 9 easily corresponds to this definition of
arrest; he was handcuffed for a substantial
period, booked, and definitely in the custody
of the officers for two hours.

Defendant had no control over his eventual
release by the officers or the failure by the
State to timely file a trial information.
These were all matters within the conve-
nience of the State.

Thus, the sole issue is whether under this
record the case must be dismissed because
an indictment or trial information was not
filed against defendant within forty-five days
after his arrest.

III. *Contentions of the parties.* The
State contends the district court erred in
holding the trial information was untimely
filed in violation of Davis' right to speedy
indictment under Iowa rule of criminal proce-
dure 27(2)(a). The State says the forty-five
day speedy indictment period of rule 27(2)(a)
did not begin to run at the time of Davis'
arrest on April 9 because he was released
and a complaint was not filed against him at
that time. The State argues the forty-five
day period started when the complaint was
filed on May 6, rendering the June 15 trial
information timely filed.

Davis contends, and the district court held,
that the police officer did not have an "inher-
ent prosecutorial right" to release or "unar-
rest" him; therefore, the arrest remained
intact and the speedy indictment period
started on April 9 and ended before the June
15 filing date.

IV. *The Van Beek case.* The State relies
on *State v. Van Beek,* 443 N.W.2d 704 (Iowa
1989), and a proposed extension of its hold-
ing, to justify a reversal of the trial court's
ruling. Upon further consideration, we con-
clude the holding of *Van Beek* should be
overruled and the trial court's ruling here
should be affirmed.

A. *Summary of the case. Van Beek* in-
volved three defendants that were arrested
by peace officers for possession of cocaine.
After making the arrests, the officers tele-
phoned the county attorney who instructed
that the defendants be released until a labo-
ratory test could be run on the seized sub-
stance. The defendants were detained only a
short period of time. There is no indication
they were handcuffed or booked. More than
forty-five days after the arrests, a trial infor-
mation was filed against the defendants.
The district court there sustained the defen-
dants' motions to dismiss due to the State's
failure to comply with rule 27(2)(a). *Id.* at
705.

We, however, reversed and remanded the case for prosecution. In doing so, we stated there was "no direct authority for the county attorney to order the subsequent release of the arrested prisoners." *Id.* at 706. We concluded, however, "that this is an inherent prosecutorial right." *Id.* We said that rule 27(2)(a) did not apply because the defendants were released after being arrested. *Id.* at 707.

*Van Beek* seems to be bottomed on allowing "prosecutorial discretion" not to timely file a trial information within forty-five days after the defendant was arrested. *See id.* at 706. There is no Iowa Code authority nor any provision in rule 27(2)(a) to allow such discretion. *Van Beek* created the county attorney's discretion to order release of a defendant from an arrest to an "unarrest" status and thus toll the forty-five day clock of rule 27(2)(a).

The State urges that we now *extend* that authority to peace officers who have not even consulted the county attorney. *Van Beek* does state that, "[i]f the prosecutor *or* police determine that no charges should be filed, there is no obligation to take [d]efendants before a magistrate. . . ." *Id.* at 706 (emphasis added). This language would imply that the police have discretion to release a defendant. Yet the cases cited in *Van Beek* that could be deemed to support such discretion were from other jurisdictions and involved statutes that gave the peace officer discretion to release a person after an arrest without requiring a court appearance. *See id.* Iowa has no such statute.

B. *Effects of Van Beek.* The unfortunate result of *Van Beek* and the State's contention here could be arrests by peace officers on insufficient or questionable evidence, or inadequate probable cause. Once the defendant is handcuffed, booked, and detained for a time, the defendant then could be released by the state until it could collect sufficient evidence or make up its mind at its convenience to file a trial information or obtain an indictment.

Such a scenario simply does not comply with rule 27(2)(a) and belies the reasons for its enactment. It is also inconsistent with the principle that the arbitrary forty-five day limit cannot be violated even "a little bit" without a showing of good cause. *State v. O'Bryan,* 522 N.W.2d 103, 106 (Iowa App. 1994).

The rule easily could have been complied with by the peace officers and the State here. Defendant was arrested on April 9. If the officers desired to release defendant for reasons best known to them, defendant was not prejudiced by that act. The State could have taken time to deliberate whether to file a trial information. But the State should have filed a trial information against defendant within forty-five days after April 9 if it was serious about the OWI charge. After that, its time was up. The chemical test result was available on April 13 but the State sat on the matter until June 15, which was too long.

An arrest of a citizen is a serious matter. It should not be done unless the peace officer or the state has probable cause to do so. Once an arrest is made, the state should be required to follow through on the time requirements for a speedy indictment and processing of the case pursuant to rule 27(1) and (2). To do otherwise generates disrespect for the law by the authorities.

It also threatens abuse of citizens' rights. A defendant remains anxious as to when "the other shoe will drop" by an indictment or trial information being filed against the defendant. The case did *not* become nonexistent as far as defendant was concerned. *But see Van Beek,* 443 N.W.2d at 707.

Neither is a defendant placed "in the same situation as any citizen similarly under investigation but not charged with a crime." *But see id.* The local newspaper reported that defendant had been arrested on a complaint for OWI, first offense. Defendant had a right by virtue of rule 27(2)(a) to know that forty-five days after his arrest his waiting period would be over. A person who is the subject of an investigation but not of an arrest does not have a similar right. To ignore this distinction would be to read "arrested" out of rule 27(2)(a), an act we have no authority to do.

The State should not be able to disregard the time requirements of rule 27(2)(a) just because it released and said "never mind for

 

now" to defendant after he was arrested, handcuffed, booked and detained for two hours.

V. *Conclusion.* We conclude that Iowa rule of criminal procedure 27(2)(a) applies to the present factual situation involving defendant Davis. We now believe that *Van Beek* was improperly decided and is not compatible with the clear language of rule 27(2)(a) which says that "when an adult is arrested ... and an indictment is not found against him within forty-five days, the court must order the prosecution dismissed...." The public policy behind and the purpose of rule 27(2) of requiring speedy indictment and trial were not followed in *Van Beek* and would be further violated by the extension the State urges here.

Therefore, we overrule *State v. Van Beek,* 443 N.W.2d 704 (Iowa 1989), which held that rule 27(2)(a) is inapplicable in situations in which a defendant, who although arrested and briefly detained, is unconditionally released without formal charges being filed against the defendant in district court. *See id.* at 707. Our ruling applies to this case, and prospectively to cases pending at the time this decision is filed and in which the issue resolved herein was raised. *See State v. Monroe,* 236 N.W.2d 24, 37 (Iowa 1975) (stating the constitution neither prohibits nor requires retroactive application of judicial decisions); *see also* 20 Am.Jur.2d *Courts* §§ 234 & 236, at 562–64 (1965 & Supp.1994) (overruling judicial construction of a statute should, and overruling criminal decision may, be given prospective effect).

The forty-five day period under rule 27(2)(a) runs from the date defendant is arrested, unless the state shows good cause for the late filing of the trial information or defendant waives the right to have it timely filed. It would take legislative action to effect a different starting date.

We affirm the district court ruling that sustained defendant Davis' motion to dismiss the trial information because it was not filed within forty-five days after defendant was arrested on April 9 for commission of a public offense. The dismissal is mandatory under rule 27(2)(a).

**AFFIRMED.**