STATE of Iowa, Plaintiff–Appellee,

v.

John Paul SMITH, Defendant–Appellant.

No. 95–1027.

Court of Appeals of Iowa.

April 23, 1996.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.

Heard by SACKETT, P.J., and HABHAB and STREIT, JJ.

SACKETT, Presiding Judge.

Defendant-appellant John Paul Smith appeals his conviction and sentence on one count of possession of marijuana. Defendant, who was tried without a jury, contends the district court erred in not dismissing the charges against him pursuant to Iowa Rule of Criminal Procedure 27(2)(a). He contends the district court erroneously determined he had not been arrested for purposes of the rule. We affirm.

On October 29, 1993, the Black Hawk County sheriff's office obtained a search warrant to search defendant's home where he lived with Shirley May. When the officers tried to enter the house to execute the warrant, defendant tried to close the door on them. The officers then handcuffed defendant.

As a result of the search, officers found drug paraphernalia, marijuana, and cash. Defendant then suggested he cooperate and give law enforcement information about local drug traffic in exchange for leniency. Officer Larry Wessels, an officer at the scene, testified he told defendant he was facing charges for possession with intent to deliver and they were taking him to the station to straighten it out and discuss it. Defendant was then taken to the sheriff's investigative offices. An officer recited defendant's rights to remain silent under the *Miranda* decision. Defendant gave the officers information on the person or persons who supplied him with drugs. Officer Wessels testified defendant was not free to leave. Defendant remained at the sheriff's office while a search warrant was executed at his alleged supplier's home. After the warrant was executed, defendant was released.

On August 8, 1994, defendant was charged by trial information on two counts: possession with intent to deliver a controlled substance (marijuana) as an habitual offender in violation of Iowa Code section 124.401(1)(d) (1993) and failure to affix a drug tax stamp in violation of section 453B.12. Defendant was arraigned and pleaded not guilty.

On September 30, 1994, defendant moved to dismiss the trial information. His motion was overruled. Defendant waived his right to jury trial and speedy trial.

The court found defendant guilty of the lesser-included offense of possession of marijuana in violation of section 124.401(3). Defendant was sentenced to six months in the county jail. This appeal follows.

Defendant first contends the district court should have followed Iowa Rule of Criminal Procedure 27(2)(a) and dismissed the charges against him. He advances the trial information was filed well beyond the forty-five days provided in rule 27(2)(a). Defendant contends the district court erred in concluding he had never been arrested. He argues he was handcuffed, subjected to a pat-down search, transported to the Black Hawk County sheriff's office, and detained there for several hours. He argues the atmosphere, at the very least, could be described as one in which a reasonable person would not have felt free to leave, as the officers had deprived him of his freedom.

The State argues the officers testified defendant was asked to stay at the sheriff's office only for his safety while the second search warrant was executed. The State next contends the use of handcuffs was reasonable in light of the fact defendant attempted to close the door on the officers when they entered to serve the search warrant. The State additionally asserts defendant was not arrested until July 1994 and, therefore, the information filed in August 1994 was timely. The State also argues defendant's decision to cooperate as a confidential informant in October 1993 precluded the existence of an arrest on that date.

Iowa Rule of Criminal Procedure 27(2) states:

2. Speedy trial. It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this subsection may be made by the prosecuting attorney or the defendant or by the court on its own motion.

Next, subsection 2(a) of rule 27 states in part:

a. When an adult is arrested for the commission of a public offense, ... and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

The term "indictment" embraces a trial information for the purposes of this case. *See* Iowa R.Crim. P. 5(5). The definition of "arrest" for purposes of rule 27(2)(a) is provided by Iowa Code sections 804.5 and 804.14. Iowa Code section 804.5 provides an "[a]rrest is the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody." *See also State v. Bumpus,* 459 N.W.2d 619, 622 (Iowa 1990), *cert. denied,* 498 U.S. 1001, 111 S.Ct. 563, 112 L.Ed.2d 570 (1990) (arrest occurs when officer takes suspect into custody). Iowa Code section 804.14 defines the "manner of making arrest" in part as follows:

The person making the arrest must inform the person to be arrested of the intention to arrest the person, the reason for arrest, and that the person making the arrest is a peace officer, if such be the case, and require the person being arrested to submit to the person's custody, ...

Iowa Code § 804.14 (1993).

The question becomes one of whether defendant, in fact, was arrested for the purpose of the rule. To address the issue, it is necessary that we look particularly at three cases: *State v. Davis,* 525 N.W.2d 837 (Iowa 1994); *State v. Johnson–Hugi,* 484 N.W.2d 599 (Iowa 1992); and *State v. Van Beek,* 443 N.W.2d 704 (Iowa 1989).

*Davis* overruled *Van Beek,*[1] but in doing so did not address the holding in *Johnson–Hugi. Davis,* 525 N.W.2d at 841. Defendant contends *Davis* also overrules *Johnson–Hugi.* The State contends it does not.

The State contends *Johnson–Hugi* is controlling because both defendant here and Johnson–Hugi were detained for the purpose of entering a cooperation agreement and neither were specifically told they were arrested. We agree with the State, as in *Johnson–Hugi* there was a cooperation agreement entered and defendant was never told he was arrested.

---

1. V. *Conclusion.* We conclude that Iowa rule of criminal procedure 27(2)(a) applies to the present factual situation involving defendant Davis. We now believe that *Van Beek* was improperly decided and is not compatible with the clear language of rule 27(2)(a) which says that "when an adult is arrested ... and an indictment is not found against him within forty-five days, the court must order the prosecution dismissed...." The public policy behind and the purpose of rule 27(2) of requiring speedy indictment and trial were not followed in *Van Beek* and would be further violated by the extension the State urges here.

Therefore, we overrule *State v. Van Beek,* 443 N.W.2d 704 (Iowa 1989), which held that rule 27(2)(a) is inapplicable in situations in which a defendant, who although arrested and briefly detained, is unconditionally released without formal charges being filed against the defendant in district court. *See id.* at 707. Our ruling applies to this case, and prospectively to cases pending at the time this decision is filed and in which the issue resolved herein was raised. *See State v. Monroe,* 236 N.W.2d 24, 37 (Iowa 1975) (stating the constitution neither prohibits nor requires retroactive application of judicial decisions); *see also* 20 Am.Jur.2d *Courts* §§ 234 & 236, at 562–64 (1965 & Supp. 1994) (overruling judicial construction of a *statute should, and overruling criminal deci- sion may,* be given prospective effect).

The forty-five day period under rule 27(2)(a) runs from the date defendant is arrested, unless the state shows good cause for the late filing of the trial information or defendant waives the right to have it timely filed. It would take legislative action to effect a different starting date.

We affirm the district court ruling that sustained defendant Davis' motion to dismiss the trial information because it was not filed within forty-five days after defendant was arrested on April 9 for commission of a public offense. The dismissal is mandatory under rule 27(2)(a).

*Davis,* 525 N.W.2d at 841.

Defendant contends this case is distinguishable from *Johnson–Hugi* because here the evidence is the cooperation agreement was not entered until after defendant was handcuffed and transported to the law enforcement center and defendant here remained at the law enforcement center for an extended period of time.

We agree with defendant there are factual differences in the case, but note the trial court found here the transportation to and holding at the law enforcement center were incidental to the agreement.

Defendant also points out in *Davis* the court adopted a different policy than was put forth in *Van Beek* to interpret rule 27(2)(a). Defendant correctly points out the court put reliance on *Van Beek* in *Johnson–Hugi*.

Relying on *Johnson–Hugi*, we affirm the trial court.

**AFFIRMED.**