**STATE of Iowa, Appellant,**

v.

**Jeremy LIES, Appellee.**

No. 96–1729.

Supreme Court of Iowa.

July 23, 1997.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, Thomas J. Ferguson, County Attorney,

and Ray Walton, Assistant County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and John M. Priester, Assistant State Appellate Defender, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

PER CURIAM.

The issue presented in this case is whether, for the purposes of Iowa Rule of Criminal Procedure 27(2)(a), the speedy indictment rule, conspiracy to commit burglary and burglary are the same offense. In dismissing the trial information filed against defendant on the basis that it was untimely, the district court implicitly found these offenses were the same. We disagree and reverse.

On February 9, 1996, Waterloo police received and responded to a report that two persons were attempting to enter a garage. Police located defendant near the garage and a witness identified him as one of the persons. Defendant was arrested and a complaint was filed accusing him of committing second-degree burglary.

On February 16, 1996, defendant was released to the supervision of the Detour Program, a program for youthful offenders, and on February 23 he signed a form agreeing to participate and complete the Detour educational plan.

On April 5, 1996, fifty-five days after his February 9 arrest, the State filed a trial information charging defendant with conspiracy to commit a burglary. Defendant filed a motion to dismiss the information on the basis that it was not timely pursuant to rule 27(2)(a).

At the hearing on the motion the State argued that conspiracy to commit a burglary and second-degree burglary are separate offenses and that the trial information charging defendant with conspiracy was timely filed. The State further argued there was good cause for delay in filing the trial information because defendant's involvement in the Detour Program was in the nature of plea negotiations.

The court granted defendant's motion, finding the State had not shown good cause for its failure to timely file the trial information. The State appeals.

■ Rule 27(2)(a) provides:

When an adult is arrested for the commission of a public offense ... and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

The term indictment embraces a trial information. *See* Iowa R.Crim. P. 5(5); *State v. Davis*, 525 N.W.2d 837, 839 (Iowa 1994). In interpreting rule 27(2)(a), we review for errors of law. Iowa R.App.P. 4; *Davis*, 525 N.W.2d at 838.

Citing *State v. Sunclades*, 305 N.W.2d 491 (Iowa 1981), the State asserts that the forty-five-day time period of rule 27(2)(a) applies only to the public offense for which the defendant was arrested rather than to all offenses arising from the same incident or episode. The State maintains, therefore, that rule 27(2)(a) applied only to the charge for which defendant was arrested on February 9, 1996, second-degree burglary, not to the separate charge of conspiracy to commit burglary. In the alternative, the State argues it showed good cause for the delay in filing the trial information.

In *Sunclades*, the defendant was arrested on July 21, 1978, and a timely trial information was filed accusing him of attempt to commit murder. *Sunclades*, 305 N.W.2d at 493. Defendant was found guilty of a lesser-included offense. *Id.* Approximately one year later, defendant was charged by trial information with going armed with intent and assault while participating in a felony; charges based upon the incident for which defendant had been arrested in 1978. The district court denied defendant's motion to dismiss based on the State's failure to speedily indict him. *Id.* We concluded that the forty-five-day period of rule 27(2)(a) that commenced when defendant was arrested for attempt to commit murder in 1978, applied only to that charge and lesser-included offenses thereof. *Id.* at 494. The forty-five-

day period did not apply to the separate charges filed a year later. *Id.*

Defendant notes that Iowa Code section 706.4 (1995) provides in pertinent part, "[a] person may not be convicted and sentenced for both the conspiracy and for the public offense." Defendant contends that because conspiracy and the substantive offense merge pursuant to section 706.4, the conspiracy charge should be treated as a lesser-included offense for the purposes of the speedy indictment rule. We disagree.

Although conspiracy and the substantive offense merge for sentencing purposes pursuant to section 706.4, that section specifically provides that a "conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy." Iowa Code § 706.4. Therefore, even though defendant could not be convicted and sentenced for both second-degree burglary and conspiracy to commit burglary, we find that these are separate offenses for charging purposes. *See* 4 John L. Yeager & Ronald L. Carlson, *Iowa Practice: Criminal Law and Procedure* § 116, at 33 (1979) (The first sentence of section 706.4 "does establish a no merger rule, thus leaving the state the option to prosecute for the offense or the conspiracy in those cases where the criminal object of the conspiracy has been achieved.").

Moreover, we do not believe the offense of conspiracy to commit a burglary is a lesser-included offense of second-degree burglary. Under the test for lesser-included offenses, the lesser offense is necessarily included in the greater offense if it impossible to commit the greater offense without also committing the lesser offense. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). "If the lesser offense includes an element that is not required for the greater offense, the lesser is not included in the greater." *Id.* We find that conspiracy includes an element not required for the offense of burglary, that is, another person's involvement. *See* Iowa Code § 706.1. Therefore, conspiracy to commit a burglary is not a lesser-included offense of burglary.

We conclude conspiracy to commit burglary is neither the same offense as the burglary for which defendant was arrested nor a lesser-included offense; therefore, the trial information charging defendant with conspiracy to commit burglary was timely pursuant to rule 27(2)(a). We need not address the State's contention that good cause justified the delay in filing. The district court's ruling dismissing the trial information is reversed and the case is remanded.

**REVERSED AND REMANDED.**