# IN THE COURT OF APPEALS OF IOWA

No. 13-1477
Filed September 17, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERAN WAYNE HUFF,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Douglas S. Russell, Judge.

        Teran Huff appeals from the judgment and sentence entered following his convictions for first-degree robbery and conspiracy to commit first-degree robbery. **REVERSED IN PART, VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED JUDGMENT OF CONVICTION AND CORRECTED SENTENCE.**

        Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Jason Burns, Assistant County Attorney, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Teran Huff pled guilty to several crimes, including first-degree robbery and conspiracy to commit first-degree robbery. The district court entered judgment and sentence. In imposing sentence, the court "merged" the "penalties" on the conspiracy count with the penalties on the robbery count.

On appeal, Huff contends the district court also should have merged the judgments of conviction. Huff relies on Iowa Code section 706.4 (2011), which states: "A conspiracy to commit a public offense is an offense separate and distinct from any public offense which might be committed pursuant to such conspiracy. A person may not be *convicted and sentenced* for both the conspiracy and for the public offense." (Emphasis added.)

By its terms, section 706.4 precludes the entry of conviction as well as sentence. The State has conceded as much in the past, although it does not make the same concession here. *See State v. Daniels*, No. 09-0891, 2010 WL 1875707, at *5 (Iowa Ct. App. May 12, 2010) ("Daniels claims the district court erred when it did not merge the conviction for possession of a controlled substance (marijuana) with intent to deliver with the conviction for conspiracy to deliver a controlled substance (marijuana). The district court found these counts merged as a matter of law, and merged the sentences, but did not merge the convictions. The State concedes the convictions should be merged under Iowa Code section 706.4."); *State v. Brown*, No. 02-0969, 2003 WL 22015985, at *9 (Iowa Ct. App. Aug. 27, 2003) ("The trial court merged the convictions for the purpose of sentencing, but did not merge the actual convictions. Brown claims the court erred in not merging both the convictions and the sentences. . . . The

State agrees the court should have merged both the convictions and sentenced Brown only for the substantive offense."); *State v. Steil*, No. 01-0587, 2002 WL 181136, at *1 (Iowa Ct. App. Feb. 6, 2002) ("The State concedes both convictions cannot stand . . . . While the guilty pleas standing alone were not invalid, entering judgment on both was clearly erroneous. The trial court should have merged the convictions, entered judgment on the public offense of robbery in the second decree and sentenced accordingly." (citing Iowa Code § 706.4)).

We recognize certain language used by the Iowa Supreme Court may suggest a contrary conclusion. *See State v. Waterbury*, 307 N.W.2d 45, 51-52 (Iowa 1981) (stating district court properly *sentenced* the defendant "solely on the substantive offense." (emphasis added)); *State v. Lies*, 566 N.W.2d 507, 509 (Iowa 1997) (stating "conspiracy and the substantive offense merge *for sentencing purposes* pursuant to section 706.4." (emphasis added)). However, the question of whether a conviction should be entered on both the conspiracy and the substantive offense or solely on the substantive offense was not the dispositive issue in either case.

In *Waterbury*, the jury found one of the defendants guilty of conspiracy to commit murder and murder. 307 N.W.2d at 51. The district court only entered judgment of conviction on the murder count. *Id.* at 47. On appeal, the defendant raised several issues including a section 706.4 challenge to the court's conviction and sentence, apparently contending she should only have been convicted on the conspiracy count or should not have been convicted at all. *Id.* at 52. After concluding one of the issues required reversal and remand for a new trial, the court turned to the section 706.4 issue, noting it might arise on retrial. *Id.* at 49,

It was in this context that the court stated the defendant was properly sentenced solely on the substantive offense. Notably, the court read section 706.4 as "creating a merger of the conspiracy and the substantive offense where the defendant has been found guilty of both offenses" and stated the reasons behind treating conspiracy as a separate offense were "less compelling after the goal of the conspiracy has been realized." *Id.* at 52. These statements, although dicta, support entry of conviction and sentence solely on the substantive offense.

In *Lies*, the issue was whether conspiracy to commit burglary and burglary were the same offense for purposes of the speedy indictment rule. 566 N.W.2d at 508. The defendant raised the language of section 706.4 to support his argument that the conspiracy charge was a lesser-included offense. *Id.* at 509. In the course of addressing this argument, the court mentioned merger of the conspiracy and substantive offense "for sentencing purposes." *Id.* But the court went on to explain that "even though defendant could not be *convicted and sentenced* for both second-degree burglary and conspiracy to commit burglary," they were "separate offenses for charging purposes." *Id.*; *see also* Robert R. Rigg, *Iowa Practice: Criminal Law* § 24:6 at 617 (2013) ("[A]lthough it is still possible to charge one with both the conspiracy and the substantive offense, one may not be convicted of both.").

We conclude Huff's conspiracy conviction and sentence merged with his robbery conviction and sentence. We partially reverse and vacate his judgment

and sentence and remand for entry of judgment of conviction and sentence solely on the robbery offense.[1]

Huff also challenges the district court's decision to tax him with costs on two dismissed counts.  The State concedes error.   We vacate that portion of the sentencing order.

**REVERSED IN PART, VACATED IN PART, AND REMANDED FOR ENTRY OF CORRECTED JUDGMENT OF CONVICTION AND CORRECTED SENTENCE.**

---

[1] Huff does not challenge his judgment and sentences on the  remaining counts to which he pled guilty.  Accordingly, the judgment and sentences stand with respect to those counts.