**STATE of Iowa, Appellee,**

v.

**Steven Mickel MAHAN, Appellant.**

**No. 91–377.**

Supreme Court of Iowa.

April 15, 1992.

Linda Del Gallo, State Appellate Defender, and Elizabeth E. Quinlan, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Michael Riepe, County Atty., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, CARTER, LAVORATO and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Steven Mickel Mahan, appeals from his conviction by jury trial of the public offense of indecent exposure in violation of Iowa Code section 709.9(2) (1989). He contends that the criminal prosecution should have been dismissed because the State failed to indict or inform against him within the forty-five-day period specified in Iowa Rule of Criminal Procedure 27(2)(a). After considering the arguments of the parties, we disagree with defendant's contention and affirm the judgment of the district court.

Rule 27(2)(a), upon which defendant's claim is based, provides that the forty-five-day period for filing an indictment or a trial information commences when a defendant is arrested. The problem that has arisen in the present case stems from the fact that the defendant never was arrested prior to the filing of the trial information. We will briefly summarize the proceedings that took place.

On September 12, 1990, a sworn complaint was filed by a Mount Pleasant police officer, accusing the defendant of the public offense for which he was convicted. Based on the affidavit accompanying the complaint, a magistrate found probable cause to believe an offense had been committed. On September 14, 1990, acting pursuant to Iowa Code section 804.1 (1989), the magistrate issued a citation that required the defendant to appear in court. This citation was served on defendant by ordinary mail. Defendant did appear in court on September 26, 1990, the date specified in the citation. At that time, he was given a copy of the complaint and advised of his right to counsel and his right to a preliminary hearing. He was released on $500 bond.

The trial information initiating formal prosecution of the offense was filed on November 7, 1990. This was less than forty-five days after defendant's initial court appearance but more than forty-five days after the issuance of the citation. Defendant urges that the forty-five-day period for filing the information commenced at the time the magistrate issued the citation. He notes in this regard that under Iowa Code section 805.1(4) a citation in lieu of arrest issued by a peace officer is to be deemed an arrest for purposes of applying rule 27(2)(a). He suggests that consistency requires a similar application of the latter rule in the case of citations that are issued by magistrates in lieu of arrest warrants.

Although we find a certain amount of logic in defendant's argument with respect to the matter of treating like situations similarly, we are faced with the proposition that the constructive arrest ·doctrine applied with respect to citations issued by peace officers is entirely a creature of statute. It stems from section 805.1(4), which provides:

> The issuance of a citation in lieu of arrest shall be deemed an arrest for the purpose of the speedy indictment requirements of R.Cr.P. section 27, subsection 2, paragraph "a".…

Absent this statutory directive, there would be no basis upon which a court could find that an arrest has occurred for purposes of rule 27(2)(a) in circumstances in which no arrest has taken place. There is no comparable statutory provision establishing a constructive arrest doctrine upon the issuance of a citation by a magistrate pursuant to section 804.1.

Defendant finds himself in the position of not having been arrested and also not fitting under the statutory provision for constructive arrest contained in section 805.1(4). We may not measure the speedy indictment or information time prescribed by rule 27(2)(a) in a manner that offends against the plain language of that rule. *State v. Hunziker,* 311 N.W.2d 692, 693 (Iowa App.1981). Nor may we extend the constructive arrest doctrine contained in section 805.1(4) to situations at which that statute is not aimed. *Id.; see also State v. Sunclades,* 305 N.W.2d 491, 494 (Iowa 1981). We reject defendant's claim that the State's trial information was not filed within the time required by law.

We have considered all arguments presented and find no basis for overturning defendant's criminal conviction. The judgment of the district court is affirmed.

AFFIRMED.