**STATE of Iowa, Appellee,**

v.

**Richard Allen O'BRYAN, Appellant.**

No. 93–0690.

Court of Appeals of Iowa.

June 28, 1994.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., David J. Welu, County Atty., and Jeannine Gilmore, Asst. County Atty., for appellee.

Heard by SACKETT, P.J., and HABHAB, J., and PETERSON, Senior Judge.*

PETERSON, Senior Judge.

Richard Allen O'Bryan appeals his conviction of driving while under suspension. He contends the district court erred in denying his motion to dismiss based on the State's failure to file a trial information within forty-five days of the date of issuance of a citation in lieu of arrest. *See* Iowa Code § 805.1(4).

On appeal, O'Bryan contends the district court erred in failing to dismiss the State's case because the trial information was filed 205 days after the citation in lieu of arrest was issued pursuant to section 805.1(4) of the Code. The State responds that O'Bryan failed to preserve the error. The State further suggests that when a defendant fails to appear following a citation in lieu of arrest, the speedy indictment deadline runs from the actual arrest pursuant to an arrest warrant. Finally, the State asserts any delay was due to O'Bryan's failure to appear.

On October 22, 1991, O'Bryan was stopped by Iowa State Trooper Troy Hildreth at approximately 9:20 a.m. The trooper stopped O'Bryan because he was not wearing his seat belt. As the trooper approached O'Bryan, he advised the trooper that he did not have a license and the plate was from a different car. The trooper then determined that O'Bryan's license was suspended and a citation in lieu of arrest was issued to O'Bryan charging him with driving while his license was suspended contrary to section 321A.32 of the Code. The citation directed that O'Bryan was to appear before the court on November 7, 1991, at 9:30 a.m.

O'Bryan failed to appear on November 7, 1991, and on November 8, 1991, a warrant was issued for his arrest and his bond set in the sum of $780.

On April 22, 1992, Attorney Carolyn Wolter entered an appearance on behalf of O'Bryan and waived his right to a preliminary hearing.

On May 15, 1992, a trial information was filed charging O'Bryan with the crime of driving under suspension contrary to section 321A.32 of the Iowa Code. Arraignment on that trial information was set for May 29, 1992. The defendant failed to appear for arraignment and a warrant was issued for his arrest.

On July 16, 1992, Attorney Carolyn Wolter filed an application to withdraw alleging she had been unable to contact O'Bryan. On July 17, 1992, an order was entered authorizing her to withdraw as attorney of record for O'Bryan.

On February 17, 1993, the warrant for the arrest of the defendant was reissued, and on March 16, 1993, he was released to Dallas County from Polk County. He had been in the Polk County jail for about 34 days.

The matter was called for trial on March 18 and March 19, and on the latter day it came before the court for trial.

On March 19, 1993, an application was filed by O'Bryan to have an attorney appointed to represent him, and on the same day the public defender for Dallas County was appointed.

At the time of trial, the public defender made an oral motion to dismiss the matter because the trial information had not been filed within forty-five days of the issuance of the citation. The court overruled this motion without comment from the county attorney and granted the public defender "leave to refile your motion with a brief and the Court will set it for hearing." The parties then submitted the matter to the court for disposition based on the minutes attached to the trial information. The court then considered

* Senior judge from the 1st Judicial District serving on this court by order of the Iowa Supreme Court.

the minutes of testimony and found the defendant guilty as charged.

The defendant then waived his right to ask for sentencing and his right to file any post-trial motions and they proceeded to sentencing at that time. The court then sentenced the defendant to serve a period of thirty days in the Dallas County Jail.

■ The scope of review of indictment questions under Iowa Rule of Criminal Procedure 27(2) is for correction of errors at law. Because the review is at law, we are bound by findings of fact supported by substantial evidence. Therefore, the defendant is entitled to prevail only if his evidence was so strong that the trial court was compelled to rule for him as a matter of law. Iowa R.App.P. 4; *State v. Finn*, 469 N.W.2d 692, 693 (Iowa 1991).

Section 805.1(4) provides that "The issuance of a citation in lieu of arrest shall be deemed an arrest for the purpose of the speedy indictment requirements of R.Cr.P. section 27, subsection 2, paragraph "a", Ia. Ct.Rules, 3rd ed." Rule 27(2)(a) provides that "When an adult is arrested for the commission of a public offense . . ., and an indictment is not found against him within forty-five days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto."

■ We believe in this case that the filing of the trial information 205 days after the issuance of the citation in lieu of arrest mandates that this case be dismissed pursuant to the provisions of Iowa Rule of Criminal Procedure 27(2). We note that the trial court did not make any findings of fact when it ruled on the defendant's motion to dismiss.

■ The State contends that the defendant failed to preserve this issue for review. It is the State's contention that he was instructed to refile the motion with a brief, which he did not do. In support of that proposition, the State relies on *State v. Marti*, 290 N.W.2d 570 (Iowa 1980). In that case, the trial court in fact sustained the defendant's contention that he was entitled to the transcripts of testimony given to the grand jury but declined to continue the trial until the transcripts were ready because they had not been prepared by the court reporter. *Id.* at 588. The defendant's motion to continue was overruled at that time, however, the court ordered the witnesses that testified before the grand jury to stay available for the next seven days. *Id.* The court held that ordinarily a defendant should not be put in a position of having to repeat his objection; however, it believed an exception should be made in that case because the court merely refused to delay the trial by granting the continuance at that time and by ordering the witnesses to remain available a distinct impression was created that the defendant would be allowed to recall the witnesses for additional cross-examination in case the defendant subsequently found matters in the transcripts that he wished to use for cross-examination. *Id.* at 588–589.

■ In this case, the trial court, after it overruled the motion, stated, "I will grant you leave to refile your motion with a brief and the Court will set it for hearing." The court did not order the defendant to file the motion, it only authorized the filing. We believe this statement does not rise to the level of the situation created in *State v. Marti*. An adverse ruling on a pretrial motion is sufficient to preserve error for appellate review. *State v. Wright*, 441 N.W.2d 364, 366 (Iowa 1989).

■ The State next contends that the citation issued in this case in lieu of arrest results in a constructive arrest. It cites *State v. Mahan*, 483 N.W.2d 1, 2 (Iowa 1992), in support of this contention. It then argues because it is a constructive arrest, which is a creation of a statute, that when a defendant fails to appear as specified in the statute and the court issues an arrest warrant, the constructive arrest language in section 805.1(4) does not apply. We disagree. The statute is very specific, and it applies only in the situation where a peace officer issues a citation in lieu of arrest. In *State v. Mahan*, the defendant attempted to extend the provisions of section 805.1(4) to a citation issued by a magistrate. 483 N.W.2d at 1. The court declined to do so, holding that it cannot extend the constructive arrest doctrine con-

tained in section 805.1(4) to situations at which the statute is not aimed. *Id.* at 2. The statute clearly applies only to citations issued by a peace officer. The case inferentially supports a dismissal in this case.

The State next contends the delay is chargeable to the defendant because of his failure to appear. It is the State's burden to show good cause for a delay and a speedy indictment. *State v. Deases,* 476 N.W.2d 91, 95 (Iowa App.1991). Whether there is good cause depends on the reason for the delay. *Id.* The surrounding circumstances affect the strength of the reason for the delay. *Id.* If the delay has been short and the defendant was not prejudiced by it and the defendant has not demanded a speedy trial, a weaker reason will constitute good cause. *Id.* Nonetheless, if the reason for the delay is insufficient, these other factors will not avoid dismissal. *Id.* The arbitrary forty-five-day limit cannot be violated, even "a little bit" without a showing of good cause. *Id.* In this situation, the State failed to show any reason for the delay in filing the trial information.

We find that the evidence in this case was sufficient to compel the court to rule as a matter of law that the filing of the trial information violated Iowa Rule of Criminal Procedure 27(2)(a) and it should be dismissed.

The order of March 19, 1993, overruling the defendant's motion to dismiss is hereby reversed and the matter is remanded to the district court for an order of dismissal.

**REVERSED AND REMANDED.**