STATE of Iowa, Appellee,

v.

Vernon James SCHUESSLER, Appellant.

No. 96–346.

Supreme Court of Iowa.

March 26, 1997.

Brent D. Hege of Terrill & Hege Law Offices, Ames, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, Mary E. Richards, County Attorney, and Ronald Sotak, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

PER CURIAM.

 The question here is whether an indictment is "found" for purposes of Iowa Rule of Criminal Procedure 27(2)(a) when it is approved by the district court or when it is filed by the court clerk. The district court determined an indictment is found when it is approved by the court and denied appellant's motion to dismiss for lack of speedy indictment. We disagree and reverse.

I. *Background Facts and Proceedings.*

On August 31, 1995, Vernon Schuessler received citations in lieu of arrest for traffic violations. On Monday, October 16, 1995, the district court approved the filing of the trial information charging Schuessler with violations of Iowa Code sections 321.218, 321A.32, and 321J.21 (1995). However, the trial information was not filed in the court clerk's office until October 17, 1995.

Schuessler moved under rule 27(2)(a) to have the trial information dismissed because it was not filed within forty-five days after the citations were issued. The district court denied the motion. Schuessler was eventually found guilty as charged and sentenced to 120 days in jail and a $4500 fine.

II. *Contentions of the Parties.*

Iowa Rule of Criminal Procedure 27(2)(a) states:

When an adult is arrested ... and an indictment is not *found* against him within forty-five days, the court must order the prosecution dismissed, unless good cause to the contrary is shown or the defendant waives his right thereto.

(Emphasis added.)

The term indictment includes trial information. Iowa R.Crim. P. 5(5); Iowa Code § 805.1(4).

In this case, the time for finding of an indictment began running on September 1, 1995, the day after Schuessler was issued the citations. *See* Iowa Code § 4.1(34) (in computing time, the first day is excluded); Iowa Code § 805.1(4) (a citation in lieu of arrest is deemed an arrest for the purpose of speedy indictment requirements of rule 27(2)(a)). The forty-five days concluded on Monday, October 16, 1995. *See* Iowa Code § 4.1(34) (in computing time, the last day is included unless it falls on a Sunday, in which case the time prescribed shall be extended to include the following Monday).

On appeal Schuessler contends the State is only excused from filing a late information if it can provide good cause for the delay. He asserts the State did not have good cause and thus the district court erred in denying his motion to dismiss the trial information where it was not filed until the forty-sixth day after the citations were issued.

The State contends an indictment is "found" pursuant to rule 27(2)(a) when the court's approval of the trial information is obtained. *See* Iowa R.Crim. P. 5(4) ("Prior to the filing of the information, it must be approved by a district judge, or a district associate judge or judicial magistrate having jurisdiction of the offense."). Therefore, it maintains the speedy indictment rule was satisfied by the district court's approval of the information on October 16, 1995.

III. *When Is an Indictment "Found?"*

 In interpreting rule 27(2)(a), we review for errors at law. *State v. Davis,* 525 N.W.2d 837, 838 (Iowa 1994). We first look to the public policy behind and the purpose of rule 27(2), which states " 'it is the public policy of the state of Iowa that criminal

prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties.' " *Davis*, 525 N.W.2d at 839 (quoting Iowa R.Crim. P. 27(2)).

If we accept the State's interpretation that an indictment is "found" when it is approved by the court, then the indictment here was timely pursuant to rule 27(2)(a) because it was approved on the forty-fifth day. However, we conclude an indictment cannot be "found" strictly upon the court's approval of the trial information as the State urges.

We believe the State's interpretation would frustrate the purpose of rule 27(2) that "criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties" because an indictment could be "found" even though there is no record of the information on file with the clerk's office and therefore no notice to defendant. We have stated that "[t]he purpose of an indictment or information is to apprise the defendant of the crime charged so that the defendant may have the opportunity to prepare a defense." *State v. Grice*, 515 N.W.2d 20, 22 (Iowa 1994). We believe this purpose is best accomplished by requiring that an indictment is filed before it is considered to be "found." .

■ Therefore, to make sense of the term "found" in rule 27(2)(a) for both grand jury indictments and trial informations we believe it must be interpreted to mean approved *and* filed, if a trial information, or found *and* filed if a grand jury indictment. *See United States v. Oliva*, 46 F.3d 320, 324 (3d Cir.1995) (an indictment is "found" under the Speedy Trial Act, 18 U.S.C. § 3282, when it is returned by the grand jury *and* filed); *United States v. Shell*, 961 F.2d 138, 141 (9th Cir. 1992) (same); *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir.1987) (same). Thus the file date is the date by which to determine whether an indictment has been "found" within forty-five days of defendant's arrest for purposes of rule 27(2)(a).

### IV. *Was There Good Cause for Delay?*

■ In this case, the file date was October 17, 1995, forty-six days after the issuance of the citations. Therefore, the indictment was not found within forty-five days and must be dismissed unless there is good cause for the delay. Our court of appeals explained the considerations in finding good cause for delay in *State v. O'Bryan*, 522 N.W.2d 103, 106 (Iowa App.1994), as follows:

> Whether there is good cause depends on the reason for the delay. The surrounding circumstances affect the strength of the reason for the delay. If the delay has been short and the defendant was not prejudiced by it and the defendant has not demanded a speedy trial, a weaker reason will constitute good cause. Nonetheless, if the reason for the delay is insufficient, these other factors will not avoid dismissal. The arbitrary forty-five day limit cannot be violated, even "a little bit" without a showing of good cause.

(Citations omitted.)

A review of the transcript of the hearing on the motion to dismiss reveals that the State offered no reason for the delay between the court's approval of the information and the date of filing. The State simply noted that the forty-fifth day from the date of arrest was a Sunday and the unavailability of the judge constituted good cause for failing to obtain the court's approval until the forty-sixth day. (Under section 4.1(34), however, the forty-fifth day was Monday.) Because the State offers no reason for the delay between the court's approval and filing, we find it has failed to satisfy its burden of showing good cause. *See O'Bryan*, 522 N.W.2d at 106.

### V. *Conclusion.*

We determine that an indictment is "found" when it is filed. The indictment here was not filed within forty-five days and the State has shown no good cause for the delay. Therefore, we conclude the indictment should have been dismissed pursuant to rule 27(2)(a). Accordingly, we reverse Schuessler's convictions.

**REVERSED.**