MANSFIELD, Justice
(dissenting).
I respectfully dissent. Although I agree with some of the majority’s analysis concerning rule 2.33(2)(a), I believe the trial information in this case was effectively filed on January 20, 2006. I also believe that the defendant, by pleading to the trial information within forty-five days of arrest, necessarily waived any violation of the speedy indictment rule. Finally, even if a technical violation of the speedy indictment rule did occur, I am unable to conclude on this record that trial counsel breached an essential duty.
I. Filing of the Trial Information.
On January 20, 2006, Roger Ennenga and his trial counsel appeared in court for a scheduled preliminary hearing. The prosecutor handed a trial information to Ennenga and his counsel. The district court approved the sufficiency of the trial information and signed it. That same day, the district court entered an arraignment order indicating Ennenga had waived formal arraignment and pled not guilty. The order included pretrial conference and trial dates. The order further stated that “a Trial Information was Filed” (emphasis added).[8] However, the trial information itself did not reach the court file until February 17, 2006.
In short, we have a combination of two circumstances: (1) an entry on a document in the clerk’s office signed by a judge stating that the trial information was filed, and (2) actual receipt by all parties and counsel of the actual trial information. Given these two facts, I would find that a filing occurred. “The starting point to interpret the speedy-indictment rule begins with the context in which the rule was conceived.” State v. Wing, 791 N.W.2d 243, 254 (Iowa 2010) (Cady, J., dissenting) (citations omitted). The speedy indictment rule and the speedy trial rule are intended to work in tandem. Both rules center on the date when the indictment is “found.” See Iowa R.Crim. P. 2.33(2)(a)-(6). That is the date when speedy indictment requirements end and speedy trial requirements begin. Here that transition occurred on January 20.[9]
*710 This is not a case like State v. Schuessler, 561 N.W.2d 40 (Iowa 1997). There the defendant had been cited in lieu of arrest for traffic violations, he was not in custody, and there was no preliminary hearing. Id. at 41. On the forty-fifth day, the State obtained approval from the court for its trial information, but it did not file it until the forty-sixth day. Id. at 41, 43. As we noted, there was “no record of the information on file with the clerk’s office and therefore no notice to defendant” until at least the forty-sixth day. Id. at 42. Here, by contrast, the clerk’s file stated that a trial information had been filed and both Ennenga and his counsel had it.
II. Waiver.
Rule 2.33(2)(a) also provides that the speedy indictment rule can be waived. It does not specify what is required for a waiver. See State v. Finn, 469 N.W.2d 692, 693-94 (Iowa 1991) (finding that a defendant waived his speedy indictment rights by initially executing a waiver in order to participate in the deferred prosecution program and, when he changed his mind and notified the prosecution he was not going to enter the program, by failing to reassert those rights). I would find that such a waiver occurred here. When the defendant enters a plea to the trial information within forty-five days of his arrest, it is illogical to argue that his speedy indictment rights have been violated. Not only did he receive the trial information; he entered a plea to it. Here every goal sought to be accomplished by the speedy indictment rule was in fact accomplished by the Polk County protocol followed by the parties in this case. Importantly, no additional time was added to the proceedings by the State’s apparent failure to hand-carry the trial information from the judge’s courtroom to the clerk’s office. Otherwise stated, the State’s failure to subsequently timely file a trial information was a nonevent, totally irrelevant to the prosecution or defense of the case.
III. Breach of Essential Duty.
Even if we were confronted with a violation of rule 2.33(2)(a) in hindsight, that would not resolve this case. In order to decide that Ennenga received ineffective assistance of counsel, we would have to find that his counsel “failed to perform an ‘essential duty”’ by making “‘errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment.’ ” State v. Lyman, 776 N.W.2d 865, 877-78 (Iowa 2010) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)). Trial counsel’s performance is measured objectively by determining whether “counsel’s assistance was reasonable, under prevailing professional norms, considering all the circumstances.” Id. at 878. “Establishing the first prong is not easy because ‘ “there is a strong presumption trial counsel’s conduct fell within the wide range of reasonable professional assistance.” ’ ” Id. (quoting State v. Graves, 668 N.W.2d 860, 881 (Iowa 2003)).
Thus, assuming for the sake of argument that my colleagues correctly interpreted rule 2.33(2)(a), we still must determine whether Ennenga’s trial counsel violated prevailing professional norms when he relied on his receipt of the trial information, its approval by the district court, and the district court’s arraignment order without verifying whether the trial information was actually filed in the clerk’s office. That is a crucial issue for me, arid it is not addressed in the majority opinion.
Ennenga’s trial counsel had twenty-two years of experience working as an assistant county attorney and an assistant pub- *711 lie defender. He testified in the postcon-viction relief proceeding as follows:
Q. Is it unusual to receive — at least in Polk — to receive a copy of the Trial Information that is neither signed nor file stamped? A. No, not at the preliminary hearing stage. When we come to a preliminary hearing and there has been a Trial Information prepared, normally we wouldn’t have a signed and file stamped copy.
Q. And why is that, if you know? A. Just volume of cases.
Q. Would you have assumed that there was a signed and file stamped copy? A. Yes.
Q. Do you have any procedures set up to go into the Clerk of Court’s office and check that out and verify it? A. No.
[[Image here]]
Q. And it’s standard procedure, wouldn’t it be fair to say, that we function in terms of the filing of Trial Infor-mations by practice? The expectation is the judge signs it, it gets filed with the Clerk like it’s supposed to, correct? A. Yes.
Q. And it’s not practice that you go to the Clerk’s Office every time or look on ICIS every time to make sure — or even most times to make sure that the Trial Information has, in fact, been filed with the Clerk of the Court? A. That’s correct. And at that point I don’t think I would have had access to ICIS back in '06.1 could be wrong, but—
[[Image here]]
Q. As far as you know, what information would Mr. Ennenga have been— would he have received regarding his Trial Information as to when it was signed or file stamped? A. I don’t know. I would assume he would have just made the same assumption I did when he was presented with that on January 20th. I presume that it would have been his assumption that it was filed on that date.
Q. So as an attorney you would not have seen the need to pursue this issue? A. No.
Of course, it is possible that reasonable professional standards would require defense counsel to check the file (or the electronic docket, if one was available then) to verify the date when the information was actually filed, even when: (1) defense counsel received a copy of the information in court, (2) defense counsel was aware the district court approved the information, and (3) the arraignment order indicates an information was filed. But we are not in a position to decide that question as a matter of law. And the district court never reached this issue because its interpretation of rule 2.33(2)(a) did not require it to. Accordingly, even if I fully agreed with the majority’s interpretation of rule 2.33, I would remand for the district court to decide whether Ennenga’s trial counsel failed to perform an essential duty by not double-checking the court file.
The majority sidesteps the “essential duty” inquiry by citing State v. Utter for the proposition that defense counsel has an absolute duty to “ensure that the State abides by the time restrictions established in Iowa Rule of Criminal Procedure 2.33.” 803 N.W.2d 647, 663 (Iowa 2011). This disregards our considerable body of ineffective-assistance law and takes Utter out of context. In Utter, the State did not present a trial information within the forty-five day deadline. Id. We held counsel’s failure to raise this obvious speedy indictment violation was not “ ‘reasonable, under prevailing professional norms.’ ” Id. at 652-53 (citation omitted). Here, however, the State provided Ennenga’s counsel with a trial information, the district court approved (and signed) it, and Ennenga *712 was even arraigned within forty-five days. It is true that for some unexplained reason the State failed to file the information. Yet the relevant question is not whether Ennenga’s trial counsel was ineffective in failing to raise an obvious speedy indictment violation, but whether he was ineffective in failing to discover a nonobvious speedy indictment violation. The record here suggests that Ennenga’s trial counsel would have identified the alleged speedy indictment defect only if he went beyond common practice and anticipated clerical error. This presents a different question of professional competence than Utter.
The majority errs in reading Utter as imposing an absolute duty on defense counsel to ensure compliance with rule 2.38. According to the majority: “The reason counsel failed to ensure the State followed rule 2.33 ... is not relevant....” By this standard, no matter what precautions defense counsel took, if the information was not filed on the forty-fifth day, ineffective assistance has been established as a matter of law and the defendant goes free. Under this approach, even if (hypothetically) ICIS indicated mistakenly that the trial information had been filed by the forty-fifth day, the defendant would go free in the event that subsequent research indicated otherwise. I expect one consequence of the majority’s decision will be an effort by our State’s prison population to comb their court files to see if they can take advantage of the same technical “failure to file” that existed in this case.
Ennenga received the trial information within forty-five days of his arrest. It was approved and signed by the district court at that time. A not guilty plea was entered that same • day. Ennenga subsequently (within the speedy trial deadline) pled guilty to one of the two charges in the information under a favorable plea bargain that allowed him to avoid a habitual offender enhancement. I do not believe he is entitled to relief under these circumstances.
For the foregoing reasons, I would either affirm the denial of Ennenga’s application for postconviction relief or, at most, remand for further proceedings on whether Ennenga’s trial counsel breached an essential duty.
CADY, C.J., and WATERMAN, J., join this dissent.

. As noted by the majority, the arraignment order simply said that a trial information "was Filed”, but the date of filing was not filled in. Nonetheless, the order itself was file-stamped January 20. A reader would logically conclude that the trial information had been filed as of the date of the order, but the filing date had simply not been-filled in.

. Rule 2.33 also needs to be read together with rule 2.2(4)(a), which indicates that the • filing of the information cuts off a defendant’s right to a preliminary hearing. See Iowa R.Crim. P. 2.2(4)(fl). Here the court and the parties proceeded on the basis that the right to á preliminary hearing no longer existed as of January 20.