# IN THE COURT OF APPEALS OF IOWA

No. 13-0993
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMERIOUS LANIER SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler (plea) and Bradley J. Harris (sentencing), Judges.


        Appeal from a guilty plea to possession of marijuana with intent to distribute. **AFFIRMED.**


        Lauren M. Phelps, Davenport, for appellant.

        Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant County Attorney, Stephanie Koltookian, Legal Intern, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Jamarious Smith appeals from the judgment and sentence following his guilty plea to possession of marijuana with intent to distribute. He contends the court erred in not dismissing the case for violation of his speedy-indictment and speedy-trial rights. Smith also contends his attorney rendered constitutionally ineffective assistance in failing to file a motion to dismiss and motion to suppress evidence.

I.

On January 30, 2012, Smith was a passenger in a car stopped by police. During the traffic stop, the police ordered the driver out of the vehicle and into the officers' vehicle after the officers determined the driver's license was revoked. At about the same time, Smith began making furtive movements around his waist/crotch area and in his coat pocket. An officer positioned near the driver's side of the vehicle told Smith to stop and to put his hands where the officer could see them. When the officer looked away, Smith resumed making the furtive movements toward his waist area. The officer, who feared Smith had a weapon in his pants, drew his gun and again ordered Smith to stop.

An officer positioned on the passenger side of the vehicle then asked Smith if he had anything illegal on him. Smith did not answer. When the officer asked a second time, Smith said "yes," pointed to his waist/crotch area, and asked if he could remove it. Due to concerns for their own safety, the officers told Smith "no." The officers handcuffed Smith while he was in the vehicle. While handcuffing him, the officers noted a strong smell of marijuana emanating

from Smith's waist area. The officers removed Smith from the vehicle and patted him down. The officers found a large bag of marijuana "concealed in the upper portion of Smith's center waist area."

Following questioning at the police station, Smith was released with charges and citations pending. On October 1, the State filed a trial information charging Smith with possession of marijuana with intent to distribute. On February 28, 2013, Smith entered a guilty plea. Following sentencing on May 23, Smith filed this appeal.

## II.

Smith argues the court erred in not dismissing this case on speedy-indictment or speedy-trial grounds. The statutory speedy indictment right is found in Iowa Rule of Criminal Procedure 2.33(2)(a), which provides: "When an adult is arrested for the commission of a public offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto." Rule 2.33(2)(b) sets forth the defendant's speedy trial right:

> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

The State did not file its charging instrument within forty-five days of Smith's arrest. Nor did the State bring Smith to trial within ninety days of filing its charging instrument.

We review the court's actions here for correction of errors at law. Iowa R. App. P. 6.907. "[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). Smith did not raise the issue in district court; error was thus not preserved. *See State v. Walker*, 236 N.W.2d 292, 294 (Iowa 1975) ("Defendants waived the right to assert error here by failing to raise their alleged speedy trial right below."). Further, the district court had no duty to address the issue sua sponte. *See* Iowa R. Crim. P. 2.33(2); *Walker*, 236 N.W.2d at 294; *State v. Myers*, 215 N.W.2d 262, 264 (Iowa 1974) (rejecting argument that the trial court had a duty to raise speedy indictment on its motion and concluding the contrary rule "would inevitably thrust the duties of defense counsel on trial court, in every action, and require the court to know the myriad of crucial dates in all of the criminal cases within its jurisdiction").

III.

We next address Smith's several claims of ineffective assistance of counsel. Ineffective-assistance-of-counsel claims typically are addressed in postconviction relief proceedings where the record can be more fully developed. *See State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). When such claims are presented on direct appeal, however, the "court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822." Iowa Code § 814.7(3) (2013). We review claims of ineffective assistance of counsel de novo. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

To establish a claim for ineffective assistance of counsel, Smith has the burden of establishing "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Failure to prove either element is fatal to the claim. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). To prove counsel failed to perform an essential duty, Smith must establish his counsel's representation dropped below an objective standard of reasonableness. *See Hinton v. Alabama*, 134 S. Ct. 1081, 1088 (2014). Regarding prejudice, the ultimate inquiry is whether trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that the conviction is unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the defendant to establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012).

## A.

Smith contends his attorney should have moved to dismiss the case on speedy-indictment and speedy-trial grounds. The remedy for violation of the defendant's speedy-indictment or speedy-trial right is dismissal of the charge with prejudice and prohibition against the reinstatement or refilling of an information or indictment charging the same offense. Thus, the failure to ensure the State abided by rule 2.33(2), absent evidence of some strategic decision to forego the right, is a failure to perform an essential duty necessarily resulting in prejudice.

*See Ennenga v. State*, 812 N.W.2d 696, 706–08 (Iowa 2012); *State v. Abrahamson*, 746 N.W.2d 270, 273 (Iowa 2008).

The State contends Smith's rights were not violated because there is evidence in the record establishing good cause for the delay and establishing some of the delay was attributable to Smith. The State also intimates Smith may have waived his right to speedy trial at some point during the proceedings, but the waiver was not part of the record due to Smith's unexpected appeal following his guilty plea and sentencing. The State's argument and evidence, at this point, consists of speculation and conjecture. While there may be logical explanations for the delay in filing the trial information, for the delay in proceeding to trial, and for Smith's counsel's failure to pursue a motion to dismiss, those explanations are not apparent or reasonably inferred from this record. Both the attorney charged with providing ineffective assistance and the State should have the opportunity to develop a better record to respond to Smith's claim. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). This is particularly true with respect to development of the record establishing "good cause," which is a highly fact-intensive inquiry. *See State v. O'Bryan*, 522 N.W.2d 103, 106 (Iowa Ct. App. 1994). Accordingly, we preserve this claim for postconviction relief proceedings under chapter 822. *See* Iowa Code § 814.7(3); *State v. Bearse*, 748 N.W.2d 211, 219 (Iowa 2008).

B.

Smith argues his counsel should have moved to suppress the marijuana found on Smith's person on the ground the traffic stop was unlawful. A law

enforcement officer is justified in stopping a vehicle when the officer observes a traffic violation, no matter how minor. *See State v. Louwrens*, 792 N.W.2d 649, 651 (Iowa 2010). Two officers following the car in which Smith was a passenger witnessed the car weaving across the line dividing the lanes. The officers also believed Smith was not wearing his seat belt. The erratic driving and the officer's reasonable belief Smith was not wearing his seat belt are each sufficient justification for the traffic stop. *See* Iowa Code §§ 321.445(2), 482; *State v. Aderholdt*, 545 N.W.2d 559, 563 (Iowa 1996) (holding traffic stop was lawful where officer initiated stop due to inability to observe whether occupants were wearing seatbelts). Smith's attorney had no duty to file a motion to challenge a lawful roadside detention. *See State v. Soboroff*, 798 N.W.2d 1, 9 (Iowa 2011) (holding an attorney has no duty to pursue a meritless issue). Smith's claim thus fails.

## C.

Smith contends his trial counsel should have filed a motion to suppress statements Smith made to police during the traffic stop and the physical evidence found as a result of those statements on the ground the statements and physical evidence were obtained in violation of Smith's *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). Smith contends the officers found the marijuana only as a result of Smith responding "yes" to the question of whether he had anything illegal on him. He further contends he was prejudiced because the marijuana should have been suppressed as the fruit of the *unMirandized* response. In their respective briefs, the parties only address the issue of whether

Smith was subject to "custodial interrogation" at the time the statements were made. We need not address that issue. Even assuming a *Miranda* violation occurred, Smith's ineffective assistance of counsel claim, as articulated here, is without merit.

First, the facts do not support the claim. There is nothing in the record supporting the proposition the police discovered the marijuana only as a result of Smith's statement. Smith's furtive movements and failure to heed warnings to cease the movements prompted the officers to arrest Smith and conduct a pat-down search. While placing handcuffs on Smith, the officers smelled marijuana on Smith, which spurred the need for additional investigation. In short, the officers would have inevitably discovered the large bag of marijuana with or without Smith's statement. *See Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993) (noting an officer who feels an object during a lawful pat-down search, "whose contour and mass makes its identity immediately apparent" may seize the contraband just as under the plain-view exception); *State v. Riley*, 501 N.W.2d 487, 489 (Iowa 1993) (holding furtive movements alone may justify a pat-down search).

Second, the law does not support the claim. Even if a *Miranda* violation occurred, the suppression of physical evidence obtained as a result of an *unMirandized* statement is not a recognized *Miranda* remedy:

> [T]he *Miranda* rule is a prophylactic employed to protect against violations of the Self-Incrimination Clause. The Self-Incrimination Clause, however, is not implicated by the admission into evidence of the physical fruit of a voluntary statement. Accordingly, there is no justification for extending the *Miranda* rule to this context. And just as the Self-Incrimination Clause primarily focuses on the

> criminal trial, so too does the *Miranda* rule. The *Miranda* rule is not a code of police conduct, and police do not violate the Constitution (or even the *Miranda* rule, for that matter) by mere failures to warn. For this reason, the exclusionary rule articulated in cases such as *Wong Sun* does not apply.

*United States v. Patane*, 542 U.S. 630, 636-37 (2004). Counsel had no duty to file a meritless motion. *See Soboroff*, 798 N.W.2d at 9.

Finally, Smith's argument misapprehends the nature of the prejudice requirement. As above-noted, Smith argues he was prejudiced because the district court should have suppressed physical evidence in response to counsel's motion. As also above-noted, the argument is wrong. More important, however, Smith does not raise the relevant inquiry. In the context of a guilty plea proceeding, to establish prejudice, Smith must demonstrate absent counsel's error he would have insisted on going to trial. *See Irving v. State*, 533 N.W.2d 538, 541 (Iowa 1995). A conclusory assertion he would have insisted on going to trial is not enough to show prejudice. Instead, the record must show that a reasonable person in the defendant's position would have insisted on going to trial in the absence of the alleged error. Here, Smith made numerous statements during interrogation at the police station after receiving *Miranda* warnings admitting he possessed marijuana with the intent to sell it. He described in great detail how he acquired the product, how much he was selling, and how much money he was making each week. There was overwhelming evidence of guilt. Our review of the record convinces us there is no reasonable probability Smith would have insisted on going to trial. *See id.* at 541. It also convinces us that if Smith had insisted on going to trial, the outcome would not have been different. Smith cannot demonstrate prejudice.

IV.

For the foregoing reasons, we affirm Smith's conviction and sentence.

**AFFIRMED.**