## IN THE COURT OF APPEALS OF IOWA

No. 14-0792
No. 14-0812
Filed November 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TAEVON DAVONTE WASHINGTON,**
        Defendant-Appellant.
_____

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CORDARREL DONTYA SMITH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


        The defendants appeal from the district court's denial of their motions to dismiss for violation of the speedy indictment rule. **REVERSED AND REMANDED WITH DIRECTIONS ON BOTH APPEALS.**


        Ryan P. Tang of Law Office of Ryan P. Tang, P.C., Cedar Rapids, for appellant Washington.

        Zorana Wortham-White of Wortham-White Law Office, Waterloo, for appellant Smith.

Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Taevon Washington and Cordarrel Smith appeal from the district court's denial of their motions to dismiss for violation of the speedy indictment rule. The defendants maintain the district court erred in its determination that they were not under arrest for purposes of speedy indictment when they were handcuffed and taken into custody on June 10, 2012.

This opinion involves the appeals of Washington and Smith and is a companion case to *State v. Williams*, No. 14-0793, also filed today. All cases involve the same general facts and same joint hearing.

Because the circumstances surrounding the defendants' interaction with law enforcement would cause a reasonable person in the defendants' positions to believe an arrest occurred, we find that Washington and Smith were arrested for speedy indictment purposes on June 10, 2012, and the trial informations filed in November 2013 were untimely. The district court erred by denying Washington's and Smith's motions to dismiss. According, we reverse the district court's ruling and remand for entry of dismissal of the charges.

**I. Background Facts and Proceedings.**

On June 10, 2012, Washington was eighteen years old, and Smith was twenty-four years old.

On that day, at approximately 5:30 a.m., the Waterloo Police Department received a call reporting a sexual assault. When officers responded, they met with L.M., a fifteen-year-old girl. L.M. advised officers that she and her friend J.K. had voluntarily entered a home and began drinking with the occupants but she believed they had later been drugged. L.M. woke up in the basement to one of

the males having forcible intercourse with her and remembered two other males also having forcible intercourse with her. She was able to escape, but she left one of her sandals and her leggings. She advised officers that she believed J.K, also fifteen years old, was still in the basement of the home.

L.M. was able to direct the officers to the residence before she was taken to an area hospital for evaluation. During the course of the investigation, the officers learned the house was a known gang residence. At approximately 7:30 a.m., the officers forced entry into the residence with a tactical team of eight officers—some armed with assault rifles. All persons in the residence were ordered to the floor at gunpoint. Smith and Washington were both in the residence at the time the police entered. They were handcuffed and placed in Waterloo Police Department vehicles. Smith was dressed in only his underwear at the time he was placed in the squad car, and Washington was not wearing shoes.

The officers located J.K. in the basement of the residence. They also found several dirty mattresses and used condoms, as well as the leggings and sandal L.M. had described.

Each defendant was transported to the Waterloo Police Department in a squad car. Once they arrived, they were separated and placed in individual interrogation rooms. Their handcuffs were removed.

Both Washington and Smith were read their *Miranda* rights. Washington admitted to having intercourse with the juveniles, but he maintained it was consensual. Smith denied any sexual contact with either juvenile.

Smith consented to buccal and penile swabs. Washington refused to consent and was held until officers were able to obtain a search warrant and the swabs were collected.

After the swabs were obtained from the defendants, they were released. No charges were filed at the time, and no bonds or conditions were placed upon their release.

On November 1, 2013, each defendant was charged by trial information with two counts of sexual abuse in the second degree. The offenses were alleged to have been committed against L.M. and J.K. on June 10, 2012.

Washington, Smith, and Williams—the codefendant whose appeal we also decide today—each filed a motion to dismiss the charges against him. A combined hearing was held on March 27, 2014.

On April 14, 2014, the district court denied each of the defendants' motions to dismiss. The court stated, "Given the circumstances involving the defendants herein, the court determines that a reasonable person would have believed an arrest occurred on the morning of June 10, 2012." The court determined "[t]he arrests of the defendants by the Waterloo Police Department . . . triggered all rights and protections guaranteed by the Fourth Amendment and Fourteenth Amendments of the United States Constitution." However, the district court held that "no arrest for a public offense occurred which would have triggered the speedy indictment requirement of rule 2.33(2)(a)."

The defendants each filed an application for discretionary review of the district court's denial of their motions to dismiss. Our supreme court granted the applications and transferred the cases to us.

**II. Standard of Review.**

"We review a district court's decision regarding a motion to dismiss for lack of speedy indictment for correction of errors at law." *State v. Wing*, 791 N.W.2d 243, 246 (Iowa 2010). We are bound by the findings of fact of the district court if they are supported by substantial evidence." *Id.*

**III. Discussion.**

"Iowa's speedy indictment rule ensures the enforcement of the United States and Iowa Constitutions' speedy trial guarantees, which assure the prompt administration of justice while allowing an accused to timely prepare and present his or her defense." *State v. Utter*, 803 N.W.2d 647, 652 (Iowa 2011). Iowa's speedy indictment rule is codified in Iowa Rule of Criminal Procedure 2.33(2)(a), which provides:

> When an adult is arrested for the commission of a public offense, or, in the case of a child, when the juvenile court enters an order waiving jurisdiction pursuant to Iowa Code section 232.45, and an indictment is not found against the defendant within 45 days, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown or the defendant waives the defendant's right thereto.

The term indictment, as used in the rule, includes a trial information. Iowa R. Crim. P. 2.5(5); *see also State v. Schuessler*, 561 N.W.2d 40, 41 (Iowa 1997). An arrest "is the taking of a person into custody when and in the manner authorized by law, including restraint of the person or the person's submission to custody." Iowa Code § 804.5 (2011).

> A person making an arrest must inform the person to be arrested of the intention to arrest the person, the reason for arrest, and that the person making the arrest is a peace officer, if such be the case, and require the person being arrested to submit to the person's custody . . . .

*Id.* § 804.14.

In *Wing*, 791 N.W.2d at 244–45, officers pulled over the vehicle the defendant was a passenger in and ultimately found "a brick of marijuana." The defendant admitted the marijuana was his, and officers read him his *Miranda* rights, handcuffed him, and placed him in the backseat of a patrol car. *Wing*, 791 N.W.2d at 245. After searching the defendant's home and finding more incriminating evidence, officers asked the defendant if he "would be interested in cooperating with law enforcement in other drug investigations." *Id.* The defendant indicated he was interested and was told to call another officer. *Id.* The defendant never called, and approximately six months later, a trial information was filed. *Id.* at 245–46. The defendant filed a motion to dismiss for violation of speedy indictment. *Id.* at 246. The district court concluded the defendant had not been arrested, so rule 2.33(2)(a) had not been violated. *Id.*

Our supreme court acknowledged that Wing was not arrested pursuant to section 804.14 but found "that not all seizures by law enforcement officers must meet such strict conditions to constitute an arrest." *Id.* at 247–48. The court held:

> When an arresting officer does not follow the protocol for arrest outlined in section 804.14 and does not provide any explicit statements indicating that he or she is or is not attempting to effect an arrest, we think the soundest approach is to determine whether a reasonable person in the defendant's position would have believed an arrest occurred, including whether the arresting officer manifested a purpose to arrest.

*Id.* at 249. The court considered the "the circumstances surrounding Wing's interaction with law enforcement" and concluded that "a reasonable person in Wing's position would have believed an arrest occurred." *Id.* at 252.

All parties involved agree that neither Williams nor Smith were formally arrested pursuant to section 804.5 on June 10, 2012. The question is whether the "reasonable person" test of *Wing* compels a finding of arrest that triggers speedy indictment protection.

Here, the police forced entry into the residence where the defendants were sleeping. The defendants were made to lie on the floor at gunpoint until they were ultimately removed from the residence. Their removal was clearly not voluntary as neither Smith nor Washington was permitted to get dressed before they were handcuffed and placed in a marked patrol car. They were taken to the police station where they were read their *Miranda* rights and questioned. Smith was not allowed to leave until he consented to buccal and penile swabs. Washington declined to consent and was held until officers could obtain a search warrant for the swabs.

Despite the district court's finding otherwise, the State concedes that the circumstances surrounding the officers' seizures of Washington and Smith "appear to compel a finding of arrest" that triggers speedy indictment protection under *Wing*. The State asks us to reconsider *Wing*, so rule 2.33(2)(a) is applicable to only formal arrests that comply with section 804.14. "Generally, it is the role of the supreme court to decide if case precedent should no longer be followed." *State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) (citing *Kersten Co. v. Dep't of Soc. Servs.*, 207 N.W.2d 117, 121–22 (Iowa 1973)). "We are not

at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

**IV. Conclusion.**

Because the circumstances surrounding the defendants' interactions with law enforcement would cause a reasonable person in the defendants' positions to believe an arrest occurred, we find that Washington and Smith were arrested for speedy indictment purposes on June 10, 2012, and the trial informations filed in November 2013 were untimely. The district court erred by denying Washington's and Smith's motions to dismiss. According, we reverse the district court's ruling and remand for entry of dismissal of the charges.

**REVERSED AND REMANDED WITH DIRECTIONS ON BOTH APPEALS.**