# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0939
Filed April 1, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Korey Richard Miller,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Dallas County,
The Honorable Erica Crisp, Judge.

———————————

**AFFIRMED**

———————————

Timothy F. McCarthy II of McCarthy & Hamrock, P.C., West Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

Korey Miller appeals from a conditional guilty plea following the district court's denial of his motion to dismiss based on an alleged speedy-indictment violation. Upon our review, we affirm.

## I.     Background Facts & Proceedings.

On December 28, 2024, Miller was arrested for operating while intoxicated, second offense, in violation of Iowa Code section 321J.2(2)(b) (2024). Law enforcement filed a criminal complaint the same day. On December 31, Miller's counsel filed an appearance with the district court. Miller completed and filed a substance-use evaluation as ordered on January 14, 2025. Miller's counsel filed a motion to dismiss on February 24, asserting the State failed to file an indictment within the required forty-five-day deadline. The State resisted the motion to dismiss and filed a trial information. The State's resistance to the motion to dismiss attached confirmation from the clerk of court that the State was not indexed in the file until February 25, which resulted in the State not receiving notice of the pending case until that date.

A separate judge, unaware of the pending motion to dismiss, approved the trial information and set an arraignment date. On March 11, the district court denied Miller's motion to dismiss, reasoning that the failure of the State to timely file the trial information was due to a unique clerical error, which constituted sufficient good cause.

Miller later entered a conditional written guilty plea reserving his right to appeal. Following sentencing, Miller appeals.

## II.    Analysis.

Miller argues the clerical error that led to the State's failure to timely file a trial information did not constitute good cause to deny his motion to dismiss and that the district court improperly considered a lack of prejudice in finding good cause. The State counters that because it was unaware of the existence of Miller's case due to the clerical error, good cause existed to deny the motion.

We review the district court's ruling on the motion to dismiss based on lack of speedy indictment for correction of errors at law. *State v. Williams*, 895 N.W.2d 856, 860 (Iowa 2017), *superseded by court rule on other grounds*. "We review rulings on rule 2.33(2) good cause determinations for abuse of discretion." *State v. Watson*, 970 N.W.2d 302, 307 (Iowa 2022), *superseded by court rule on other grounds*.

Iowa's speedy-indictment requirement is governed by Iowa Rule of Criminal Procedure 2.33(2)(a), which states in relevant part:

> When an adult is arrested for the commission of an offense . . . and an indictment is not found against the defendant within 45 days, the court must order the prosecution be dismissed unless good cause to the contrary is shown . . . . [T]he 45-day period commences for an adult only after the defendant has been taken before a magistrate for an initial appearance or a waiver of initial appearance is filed.

An indictment is equivalent to the State filing a trial information with the district court. *State v. Harris*, 12 N.W.3d 333, 335 (Iowa 2024). The forty-five-day deadline to file an indictment is strict and "cannot be violated . . . without a showing of good cause." *State v. O'Bryan*, 522 N.W.2d 103, 106 (Iowa Ct. App. 1994).

It is the State's burden to show good cause exists for the delay when speedy trial deadlines are violated. *Ennenga v. State*, 812 N.W.2d 696, 706 (Iowa 2012). "[F]actors such as the length of delay and the lack of prejudice to the defendant bear on the question of whether there was 'good cause' for the State's failure to properly 'find' the information." *Id.* at 705. In evaluating good cause, we "focus[] on only one factor: the reason for the delay." *State v. McNeal*, 897 N.W.2d 697, 704 (Iowa 2017) (citation omitted). But we must "also consider surrounding circumstances such as the length of the delay, whether the defendant asserted his right to a speedy trial, and whether prejudice resulted from the delay." *Id.* Concerning the length of delay, "most, if not all, cases justifying reversal based on speedy-trial violations involve delays numbering weeks or months, not days." *Id.* (citation omitted). "If the delay has been short and the defendant was not prejudiced by it and the defendant has not demanded a speedy trial, a weaker reason will constitute good cause." *O'Bryan*, 522 N.W.2d at 106.

Here, it is undisputed that the trial information was found after the forty-five-day deadline. The State argues that good cause existed because the clerk of court failed to index the case several times after each filing by Miller, which precluded notification to the State of the charge.

Miller asserts that because the clerk of court is a part of the judicial branch, then the clerical error is also attributable to the State, citing Iowa Code sections 602.1201(1) (stating "[t]he supreme court has supervisory and administrative control over the judicial branch and over all judicial officers and court employees"), and 602.1215(5) (describing a clerk of court's appointment and removal processes). But Miller cites no other authority to support imputation of a clerk's clerical error to State prosecution. Clerical errors are a factor to consider in determining whether good cause exists. *See*

*Ennenga*, 812 N.W.2d at 706 (noting "[o]ur precedents disfavor allowing generalized clerical difficulties to qualify as good cause for a delay," but clerical difficulties "arising out of unique, nonrecurring events which create a particular scheduling problem" may factor into a good cause analysis).

Miller asserts that supreme court precedent shows that rule 2.33 "does not require a showing of prejudice." He cites *State v. Braun*, which is factually distinguishable. *See* 495 N.W.2d 735, 741 (Iowa 1993). In *Braun*, the issue that Miller cited involved whether an amendment to the minutes of testimony prejudiced the defendant. *Id.* And *Braun* appears to state the opposite regarding prejudice, "We generally will not reverse on the ground of technical defects in procedure unless it appears . . . to have prejudiced the complaining party . . . ." *Id.* But it is apparent from other cases that an appellate court *may* consider prejudice to a defendant in its good cause analysis, even though a defendant is not required to show such prejudice. *See State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016); *see O'Bryan*, 522 N.W.2d at 106 ("The surrounding circumstances affect the strength of the reason for the delay. If the delay has been short and the defendant was not prejudiced by it . . . , a weaker reason will constitute good cause." (internal citation omitted)); *see Ennenga*, 812 N.W.2d at 705; *see State v. Deases*, 746 N.W.2d 91, 95 (Iowa 1991).

The record shows that the delay in the instant appeal was twenty-three days from the deadline. Miller did not demand speedy trial, nor does he argue that he was prejudiced by the delay. *See O'Bryan*, 522 N.W.2d at 106. Accordingly, "a weaker reason" constitutes good cause in this circumstance, that reason being the State was unaware of Miller's arrest, initial appearance, and filings due to the failure of the clerk of court to index the case. *See id.* This failure resulted in a lack of any notification to the State of the case and

5

was a "specific circumstance[] arising out of unique, nonrecurring events," rather than a result of "generalized clerical difficulties." *See Ennenga*, 812 N.W.2d at 706. We find the district court neither abused its discretion nor committed an error at law.

**AFFIRMED.**